**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE NORFOLK FEDERATION OF
BUSINESS DISTRICTS,
Plaintiff-Appellant,

v.

CITY OF NORFOLK, a municipal
corporation; NORFOLK
REDEVELOPMENT AND HOUSING
AUTHORITY,
Defendants-Appellees,

No. 96-1746

U.S. DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT, in its official
capacity as agency of the
Government of the United States;
HENRY G. CISNEROS, in his official
capacity as the Secretary of the
Department of Housing and Urban
Development,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-96-308-2)

Argued: September 25, 1996

Decided: November 20, 1996

Before MURNAGHAN and HAMILTON, Circuit Judges, and
MERHIGE, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew Michael Sacks, SACKS & SACKS, Norfolk, Virginia, for Appellant. William Gray Broaddus, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia; Francis Nelson Crenshaw, CRENSHAW, WARE & MARTIN, P.L.C., Norfolk, Virginia, for Appellees. **ON BRIEF:** Stanley E. Sacks, SACKS & SACKS, Norfolk, Virginia, for Appellant. Philip R. Trapani, City Attorney, Bernard A. Pishko, Senior Deputy City Attorney, CITY OF NORFOLK, Norfolk, Virginia; E. Duncan Getchell, Jr., Bradford A. King, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee City of Norfolk; James L. Chapman, IV, David H. Sump, CRENSHAW, WARE & MARTIN, P.L.C., Norfolk, Virginia, for Appellee Housing Authority.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The district court dismissed plaintiff's Counts I, II, III, V, VI, VII, VIII, and IX with prejudice and dismissed Count IV without prejudice. The court only considered the motion to dismiss as it related to the defendants served with process; the City of Norfolk and the Norfolk Redevelopment and Housing Authority (NRHA). NFBD agreed to dismiss HUD and Secretary Cisneros after the district court's judgment.

We review de novo the dismissal of the federal claims properly before the Court pursuant to Rule 12(b)(6), Brooks v. City of Winston

2

Salem, 85 F.3d 178, 181 (4th Cir. 1996), and conclude that the trial judge was correct in his rulings and affirm.

Appellant's contention that the lower court erred in not converting the Appellees' 12(b)(6) motion to a motion for summary judgment under Rule 56 Fed.R.Civ.P is not well taken.

The record reflects that the complaint was accompanied by a number of documents which made reference to Norfolk redevelopment plan, an admittedly public document. The lower court's consideration of that document was appropriate and did not warrant converting the Rule 12(b)(6) motion to one for summary judgment. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995), cert. granted and judgment vacated on other grounds, 116 S.Ct. 1821 (1996). In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint. See generally Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (1990), cited with approval in Anheuser, 63 F.3d at 1312.

Plaintiff is the Norfolk Federation of Business Districts (NFBD), an organization that purports to represent and act for eight member businesses or merchant associations, affiliated businesses and individuals in a number of geographical areas within Norfolk, including such businesses and individuals with business interest in an area designated as Norfolk MacArthur Center Project ("the Center") which is the area giving rise to this controversy. It claims to be acting "as and for itself as well as on behalf of the legal interests and rights of its constituent member merchant or business associations and their affiliated member businesses and individuals."

On May 31, 1994 the City and NRHA entered into a cooperation agreement which was adopted by the City of Norfolk Council by ordinance. NFBD alleges that this agreement provides that the City will guarantee all financial obligations of NRHA pertaining to the MacArthur Center Project, provide NRHA with all funds required for the Center, and meet all NRHA obligations and payments regarding the Center. In the agreement the City authorized the issuance of up to $50,000,000.00 in parking revenue bonds for garage construction and up to $13,537,050.00 in general obligation bonds for Center infra-

3

structure improvement. NRHA sought $32,815.00 from a private bank loan.

The Center is to house a number of stores including a Nordstrom department store which the City and NRHA describe as the main focus of the Center. The defendants plan to fund construction of the store almost entirely by public monies. Plaintiff argues that the defendants selectively favor Nordstrom, a private competitor of many of plaintiff NFBD's constituents, with a locally unprecedented infusion of public monies for the private benefit of Nordstrom, by agreeing to build the Nordstrom store to Nordstrom's customized specifications with such public money.

Thus NFBD concludes that the defendants are publicly subsidizing private businesses with largely public taxpayer funds. It argues that the defendants' actions constitute an arbitrary and capricious selective favoring of these competitors to plaintiff with an improper use of public funds, thus violating both its Equal Protection and Substantive Due Process rights.

Plaintiff contends that defendants' actions violate its constitutional economic rights under the Fourteenth Amendment to the United States Constitution. As the district court correctly pointed out, however, only laws affecting fundamental rights are within the purview of the Fourteenth Amendment's strict scrutiny analysis. National Paint & Coatings Ass'n. v. City of Chicago, 45 F.3d 1124 (7th Cir 1995), cert. denied, 115 S.Ct. 2579 (1995). Since "[c]orporations do not have fundamental rights; they do not have liberty interests, period." Id. at 1129. After concluding that the plaintiff's fundamental rights had not been violated, the district court correctly analyzed its claims under the rational basis test. Under the rational basis test the question is not whether the legislation or the official action is "in every respect logically consistent with its aims to be constitutional," rather it "is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it." Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 487-88 (1955).

In Count I the plaintiff alleges that the defendants violated its rights under the Fourteenth Amendment's Due Process and Equal Protection

4

Clauses arising from defendants' "unfair and discriminatorily selective favoring of private business competitors of Plaintiff's constituents through heavy public subsidies to entice those competitors to participate in Norfolk's MacArthur Center Project."

In Counts II and III, plaintiff alleges that the defendants violated its due process rights in its state-created property rights. Plaintiff alleges that the defendants unlawfully utilized and planned to continue to utilize publicly raised tax money to benefit private parties and unlawfully took and planned to continue to take private property in the form of money raised in the exercise of its taxing authority for private purposes.

In Count IV, plaintiff claims that under § 108 of the Loan Guarantee Application made by the defendants to HUD the defendants fail to meet statutory and regulatory criteria to justify such a guarantee. It further claims that the federal government through HUD wrongfully approved the application to the prejudice of plaintiff's constitutional rights.

Count V charges the defendants with violating the federal statutory rights of plaintiff which arise out of their improper use of the § 108 Loan Guarantee statutes and regulations.

The remaining Counts VI-IX fall under the Court's supplemental and pendent jurisdiction. Plaintiff asserts in these Counts that the laws of the Commonwealth of Virginia and its Constitution prohibit defendants' actions in connection with the proposed financing of the Center.

The district court properly applied rational basis scrutiny to the constitutional complaints contained in Counts I, II and III, and found that defendants' actions pass rational scrutiny and plaintiff does not have a due process or an equal protection violation claim. We agree with the trial court's holding that any allegations of economic harm under the Fourteenth Amendment must be reviewed under the rational basis test. The movant must negate "every conceivable basis which might support" the economic plan, rule or tax in question. Madden v. Kentucky, 309 U.S. 83, 88 (1940). Reviewing the defendants' redevelopment plan, the district court determined that the defendants had a

5

rational basis for their actions, mainly to reduce urban blight, and that any economic harm incurred by the plaintiff was justified.

The district court dismissed Count IV without prejudice, because the plaintiff had failed to perfect service of process on the appropriate defendants.

The district court dismissed Count V for failure to state a claim. Plaintiff alleged that defendants' violation of § 108 of the Housing Community Development Act of 1974, 42 U.S.C. § 5301 et seq., comprises a violation of its civil rights under 42 U.S.C. § 1983. The court dismissed the action because it properly held that § 108 of HCDA did not create any enforceable rights in the general public or individual citizens. Furthermore, the court found that any improperly granted loans would impose liability on the federal government, not the municipal defendants.

The court then considered the state law claims contained in Counts VI, VII, and VIII. The court found that the Virginia Code created Redevelopment and Housing Authorities which were expressly charged with improving urban and blighted areas. Va. Code § 36-4. Moreover, the court found that the code permits the actions taken by the defendants in furtherance of their redevelopment plan. City of Charlottesville v. DeHaan, 323 S.E.2d 131 (Va. 1984). Thus, the court held that the Virginia Code permits the very actions that the plaintiff alleged were impermissible and dismissed the Counts.

In Count VI, the plaintiff claimed that the defendants violated the "credit clause" of the Virginia Constitution, Art. X, § 10, which assures that the credit of the government of Virginia will not be granted in favor of any person or corporation. Plaintiff claimed that defendants violated the clause by pledging their credit to the benefit of private businesses. The district court found that since NRHA has authority to act under title 36 of the Virginia Code, it followed that the plaintiff's only substantive claims lay under the Virginia Constitution. The court properly determined that the extension of credit for the purpose of redevelopment or another public purpose did not implicate the credit clause. The court looked to the Virginia Supreme Court's decision in City of Charlottesville which had similar facts. 323 S.E.2d at 131. The Supreme Court stated that "[m]erely because the [s]tate

6

incurs an indebtedness or expends its funds for its benefit and others may incidentally profit thereby does not bring the transaction within the letter or the spirit of the `credit clause' prohibition." Id. at 134. In the present case, the district court found that the defendants clearly had a public purpose with their redevelopment plan and thus they were removed "from the ambit of the credit clause, as stated by the General Assembly in title 36." 96cv308 page 31.

In Count VII plaintiff contends that the internal improvements clause of the Virginia Constitution prohibits the defendants' actions. That clause essentially prohibits the Commonwealth from becoming interested in any work of internal improvement, save public roads or parks. Va. Const. Art. X, § 10. The district court correctly rejected this claim for a variety of reasons. First, it found that the internal improvements clause specifically applies to the Commonwealth itself, not to other units of government; thus neither the City nor the NRHA is implicated under the clause. The court also held that the existence of a "governmental functions" exception to the internal improvement clause eliminated any residual doubt as to whether the defendants had violated the clause. See Fairfax Co. Industrial Development Authority v. Coyner, 150 S.E.2d 87 (Va. 1966). The exception encompasses those improvements that are necessary to the performance of government functions. Since the Center is an essential component to the Redevelopment Plan and the defendants are expressly authorized to pursue this plan, their actions fall under the governmental functions exception.

In Count VIII, plaintiff alleges that certain of the defendants' actions violate the "laws of the Commonwealth of Virginia" by using individuals' tax money for private purposes. The district court correctly dismissed this Count as well because plaintiff failed to specify any law violated or any actions that constituted a violation. Even if the Court interpreted this as a takings argument, it fails. In redevelopment cases where a loss of customers occurs to businesses, a taking in the constitutional sense has not occurred even if land value is decreased. See e.g., Woodland Market Realty Co. v. City of Cleveland, 426 F.2d 955, 958 (6th Cir. 1970).

Lastly, in Count IX plaintiff claims that the NRHA's actions violate the Dillon Rule. Virginia's Dillon Rule "provides that municipal

7

corporations possess and can exercise only those powers expressly granted by the General Assembly, those necessarily or fairly implied therefrom, and those that are essential and indispensable." City of Richmond v. Confrere Club of Richmond, Virginia, Inc., 387 S.E.2d 471, 473 (Va. 1990). Plaintiff challenges the defendants' authority to undertake a landlord function in connection with a commercial retail establishment. The district court found that the Virginia Code clearly grants the NRHA explicit power to act as a landlord in connection with a commercial retail establishment such as the Center. The district court held that § 36-49 of the Virginia Code grants Housing and Redevelopment Authorities the specific powers to "make land . . . acquired available to private enterprises or public agencies (including sale, leasing, or retention by the authority itself) in accordance with the redevelopment plan." Va. Code § 36-49. It then properly dismissed Count IX.

Concluding that the trial court thoroughly and correctly analyzed each of the asserted claims, we affirm.

AFFIRMED

8